# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FACESON, | CASE NO. 1:07-cv-00691-LJO-DLB (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| J. NUNLEY, et al., | (Doc. 1) |
| Defendants. | |

I.   Screening Order

    A.   Screening Requirement

Plaintiff, Anthony Faceson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 8, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      B.      Plaintiff's Claims

The events at issue in the instant action allegedly occurred at the California Correctional Institute in Tehachapi, California, where plaintiff remains and was incarcerated at all times in question. Plaintiff names Sergeant Ortega; Lieutenant G. Hartgrove; Correctional Officers J. Nunley and Munoz; and Majerick, M.T.A. as defendants. Plaintiff alleges violation of his constitutional rights under the Eighth Amendment (for use of excessive force and failure to attend to his serious medical needs) and under the Fourteenth Amendment (for writing false rules violation reports). Plaintiff seeks compensatory, and punitive damages.

Plaintiff's allegations appear to relate to an incident that occurred subsequent to a clothed

body search.  Based on the allegations in plaintiff's complaint, he may be able to plead some claims for relief under section 1983.  However, as plead, plaintiff's complaint does not state any claims that rise to the level of a constitutional violation.

The court will provide plaintiff with the opportunity to file an amended complaint that complies with Rule 8(a), names the individual defendant actors, and sets forth as to each defendant, what action that defendant took or failed to take and why.  In the subsections that follow, the court will provide plaintiff with the legal standards that, based on plaintiff's allegations, appear to be applicable.  Plaintiff should utilize the legal standards provided in this order for guidance when filing his amended complaint.

### 1. Linkage

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.)  Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

2.      Eighth Amendment

      a.      Excessive Force

Plaintiff appears to be alleging that excessive force was used against him. The court however, is unable to ascertain any specific facts constituting acts of excessive force in plaintiff's allegations.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted

4

under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006).  An officer can be held liable for failing to intercede only if he had a "realistic opportunity" to intercede.  <u>Cunningham v. Gates</u>, 229 F.3d 1271, 1289 (9th Cir. 2000).

Plaintiff makes only two statements as to physical force being applied against him.  The first such statement is; "Defendant Nunley stated in his report 'I then grabbed Faceson [sic] shoulders with both of my hands and utilized my body weight to force Faceson onto his stomach.'" Doc. 1, pg. 9.  The court is unable to ascertain whether plaintiff is alleging that this course of events actually occurred, or that this quote from Nunley's report is an errant rendition of events.

Plaintiff's second statement as to any use of force against him is; "When I was attacked in the I/M holding area. C/O Nunley while his body weight was weighed down over my back. Grabbed his baton releasing it with his right hand with ease while escorting an inmate." Doc. 1, pg. 12.  The court is unable to ascertain whether plaintiff is alleging that Nunley attacked him in the I/M holding area; was breaking up an attack on plaintiff by an officer or another inmate; or manipulated his weight onto plaintiff while Nunley was escorting another inmate.

The court is further unable to ascertain: (1) whether these two statements by plaintiff involve the same or two separate and distinct incidents; (2) whether the force was allegedly applied maliciously and sadistically to cause harm; and (3) what injury plaintiff sustained as a result of his allegation(s) of excessive force being used against him.

Plaintiff has not alleged specific action(s) against specific defendant(s) so as to support claims against any of the named defendants for use of excessive force against him and/or any failure to intercede on his behalf.  The claim is dismissed with leave to amend.

        b.      <u>Failure to Attend to Medical Needs</u>

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of

5

the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff alleges that Majerick M.T.A. examined Nunley and plaintiff at the same time; "noted plus crossed out his medical report of injury or unusual occurrence sheet stating 'no injury at this time'" and failed to note plaintiff's shin injury, rather indicating injury solely to plaintiff's wrist. Doc. 1, pg. 15.

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegations do not support a claim that defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. Plaintiff's claim, fails to state any facts as to any excessive risk to his health, or knowledge thereof by a prison official. The mere fact that an injury was not noted in a medical chart, without more, is insufficient.

Plaintiff has failed to sufficiently state a claim which rises to the level of an Eighth Amendment violation. Thus, plaintiff's claim as to medical care is dismissed with leave to amend. Plaintiff is reminded that mere medical negligence is insufficient to state a claim under section 1983.

        3.      <u>Fourteenth Amendment</u>

            a.      <u>False Rules Violation Reports</u>

As to the Rules Violation Reports, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. <u>Id</u>. at 563-71. As long as the five minimum <u>Wolff</u> requirements are met, due process has been satisfied. <u>Walker v. Sumner</u>, 14 F.3d 1415, 1420 (9th Cir. 1994). "Some evidence" must support the decision of the hearing officer. <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." <u>Id</u>. at 455-56 (emphasis added).

Plaintiff has not provided the court with any allegations or factual assertions that prison personnel did not comply with the five <u>Wolff</u> requirements. The only statements plaintiff made as to reports in his complaint were that Hartgrove, who was "100% biased," found plaintiff guilty of battery on an officer, and that Nunley, Munoz, and Ortega's "reports are cloned, as if they all coached one another at some point." Doc. 1, pp. 14 & 15.

Thus, plaintiff's claim is not cognizable under § 1983 and is dismissed with leave to amend.

///

        4.       Supervisory Liability

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior.

As best as the court can decipher, plaintiff named Sergeant Ortega and Lieutenant G. Hartgrove as defendants based on their reporting and guilt finding activities.

When a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

While plaintiff alleges direct action on the part of Sergeant Ortega (filing an inaccurate report which clones that of others), and Lieutenant G. Hartgrove (being 100% biased and finding plaintiff guilty of battering an officer) as discussed herein above, the alleged offending actions do not rise to the level of a violation of plaintiff's constitutional rights.

Thus, plaintiff fails to state claims of constitutional violations against Sergeant Ortega and Lieutenant G. Hartgrove such that his claims against them are dismissed with leave to amend.

        C.       Conclusion

Plaintiff's complaint does not state any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must file an amended complaint curing the deficiencies identified by the court in this order; or
3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **January 25, 2008**          /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE