# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FACESON,<br><br>Plaintiff,<br><br>v.<br><br>MAJERICK,<br><br>Defendant.<br>_____________________________/ | CASE NO. 1:07-cv-00691 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 14) |

**Findings and Recommendations Following Screening of Amended Complaint**

**I. Screening Requirement**

Plaintiff Anthony Faceson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 8, 2007. On January 1, 2008, this Court dismissed plaintiff's complaint with leave to file an amended complaint. (Doc. 11). Plaintiff filed an amended complaint on March 13, 2008. (Doc. 14).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Eighth Amendment Medical Care Claims

Plaintiff is currently housed at Kern Valley State Prison. The events giving rise to the claims at issue in this action allegedly occurred at California State Prison - Tehachapi. Plaintiff names MTA Majerick as defendant. Plaintiff alleges a violation of the Eighth Amendment of the United States Constitution stemming from defendant's failure to provide him with medical treatment Plaintiff seeks money damages.

Plaintiff alleges that he punctured his leg on a cage concrete screw. Plaintiff alleges that "the screw could had millions of germs and my leg could had got infected. Either or blood was shed and it was in [defendant's] job description to make sure I had immediate medical attention...". (Doc. 14, p.3). Plaintiff alleges that defendant deprived him of medical attention, and that he only received medical attention from another Medical Technical Assistant.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in

a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment. First, plaintiff has failed to sufficiently allege a serious medical need. Second, even if plaintiff has demonstrated a serious medical need, he has not alleged any facts that would support a claim that defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer v. Brennan, 511 U.S. at 837. Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Plaintiff's bare allegations that defendant deprived him of the minimal civilized measure of life's necessities and that defendant was deliberately indifferent are insufficient to support a claim.

Further, plaintiff refers the Court to all exhibits filed in the instant case as proving his claim. Plaintiff did not file any relevant exhibits with his amended complaint, and the Court will not undertake to review the entire case searching for exhibits which may support his claims. Plaintiff fails to state a cognizable claim for relief.

///

///

## III. Conclusion

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under federal law. The Court previously provided plaintiff with an opportunity to amend along with the applicable legal standards, but plaintiff still is unable to cure the deficiencies with his claims. Therefore, the Court recommends that plaintiff not be given further leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: October 23, 2008**

**/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE